THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACIE KALKBRENNER,

        Plaintiff,

vs.

PROFESSIONAL BULL RIDERS, LLC., a Colorado Company;

        Defendant.

NO.

**COMPLAINT**

1. This is an action for damages brought by Tracie Kalkbrenner ("Plaintiff") for unlawful workplace discrimination based on sex and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, as well under Washington State law against discrimination, RCW 49.60 *et. seq.*, and for violations of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C., Chapter 8 sec. 206(d).

///

///

## I. PARTIES

2. Plaintiff is an individual residing in Seattle, Washington. At all times relevant hereto, Plaintiff was an employee of Professional Bull Riders, LLC ("Defendant").

3. Defendant is a Colorado company with a principal office at 101 West Riverwalk, Pueblo, CO 81003, United States.

4. At all times relevant to this matter, Defendant had over 100 employees, and is therefore subject to the provisions of Title VII.

## II. JURISDICTION AND VENUE

5. At all times relevant hereto, Defendant was doing business in Washington State. Defendant is an "employer" subject to Washington State and federal statutes governing employment, including Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act. At all times relevant herein, Defendant employed Plaintiff.

6. On September 9, 2020, Plaintiff filed a charge of discrimination against Defendant with the Nevada Equal Rights Commission ("NERC"), alleging sex discrimination, retaliation, and violations of equal pay.

7. On February 16, 2021, Plaintiff received a Notice of Right to Sue from NERC.

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff is asserting federal causes of action, and 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment).

Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to this Complaint occurred in the Western District of Washington.

10. This action has been filed within the applicable statutory time periods.

### III.   FACTS

11. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

12. Upon information and belief, bull riding is an aggressive, male dominated sport which often times includes volatile and masculine personalities.

13. Upon information and belief, Defendant is an international bull riding organization that hosts events, competitions, leagues, and produces various other bull riding related content.

14. Upon information and belief, there are approximately fifty percent (50%) women in Defendant's employee ranks.

15. Upon information and belief, there is a sharp disparity in the number of women in director roles as opposed to men.

16. According to the 2019 Staff List, there are approximately eight (8) females at the level of Director or higher, compared to thirty (30) males.

17. Plaintiff began working for Defendant in May 2018 as a Marketing Manager in Seattle, WA.

18. Upon information and belief, when Plaintiff was hired, it was made clear to her that the position was a "manager" position and there were no other options available.

19. She believed this was true because she started with two other people who had zero experience but were also each given the same title of "Marketing Manager."

20. Upon information and belief, thereafter, to her surprise and consternation, Mike Karsting was hired into a Director position.

21. Upon information and belief, a few months later, David Cox was hired into a Director position.

22. Upon information and belief, Plaintiff had similar work experience as Mr. Cox as she had worked with him at World Wrestling Entertainment (WWE), where both of them were Marketing Managers.

23. Upon information and belief, because Plaintiff had similar experience and years of work in the industry as both Mr. Cox and Mr. Karsting, Plaintiff inquired about a promotion to a Director position.

24. Upon information and belief, Defendant told Plaintiff that her promotion would be "discussed" and that a "path" would be laid out for her.

25. Upon information and belief, Plaintiff's path to promotion included additional work when she had already been doing more work than the men who were hired in as directors.

26. However, Plaintiff never received that promotion.

27. Upon information and belief, Plaintiff worked on twice as many shows, including training an employee on how to promote a show and doing extra projects while having better work performance.

28. Upon information and belief, despite having better work performance than her male peers, she received the same 'merit based' bonus as everyone else ($15,000), with exception of Kacy Burke.

29. Upon information and belief, Plaintiff maintains this is further evidence of gender discrimination because overall, the men's performance was not as successful as the women's performance and in particular, not as successful as her own performance.

30. In essence, Plaintiff was required to be more successful and do more work than her male counterparts to receive the same bonus.

31. Upon information and belief, Plaintiff complained of the hostile work environment, namely that she was not being considered for promotion to a Director position when equal or less qualified males were being promoted.

32. Upon information and belief, Plaintiff also stated that she was being treated and compensated differently because of her sex.

33. Upon information and belief, in April 2020, Defendant laid off fourteen (14) people.

34. Upon information and belief, of fourteen people laid off, eleven (11) were women, many of whom had complained of sex discrimination and a hostile work environment.

35. Upon information and belief, Defendant has a significant, company-wide problem with preferring men to women for promotion.

36. Upon information and belief, there are no female Senior Marketing Managers.

37. Upon information and belief, male employees who perform substantially similar work as Plaintiff are generally promoted to and are better compensated.

38. Defendant does not discipline or deny promotions to men when they scream, curse, and generally engage in histrionics.

39. Upon information and belief, no other male employees who reported such conduct experienced any escalation of hostility.

40. Upon information and belief, other female employees had endured the same pattern of discrimination and retaliation while working for Defendant.

41. Upon information and belief, Plaintiff did not get the opportunity to report the discrimination regarding the bonuses before being one of the women laid off.

## IV.   CAUSES OF ACTION

42. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

43. Discrimination, Harassment, and Hostile Work Environment Based on Sex/Gender in violation of Title VII, 42 U.S.C. § 2000e, *et seq*.

44. The above facts state claims against Defendant for retaliation in violation of the Washington Law Against Discrimination, RCW 49.60, *et. seq.*.

45. The above facts state claims against Defendant for retaliation under Title VII and Washington state law for engaging in a protected activity.

46. The above facts state claims against Defendant for violation of the Equal Pay Act, 29 U.S.C., Chapter 8 sec. 206(d).

47. The above facts state claims against Defendant for negligent infliction of emotional distress.

48. The above facts state claims against Defendant for intentional infliction of emotional distress.

49. The above facts state claims against Defendant for interference with prospective business advantage.

50. Defendant's conduct thereby entitles Plaintiff to compensatory damages including damages for lost pay and benefits, emotional distress, and attorneys' fees and costs.

### V. JURY DEMAND

51. Plaintiff demands a jury on all factual issues.

### V. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

A. Damages for back pay and benefits lost and for future pay and benefits lost;

B. Liquidated damages;

C. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C. Prejudgment interest in an amount to be proved at trial;

D. Compensation for any tax penalty associated with a recovery;

E. Reasonable attorneys' fees and cost; and

F. Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 12th day of May 2021.

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/Daniel Kalish*
HMK ATTORNEY WSBA No. 35815

Dan Kalish., WSBA # 35815
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: dkalish@hkm.com

*Attorneys for Plaintiff Tracie Kalkbrenner*

COMPLAINT FOR DAMAGES - 8