THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACIE KALKBRENNER,

    Plaintiff,

vs.

PROFESSIONAL BULL RIDERS, LLC.,

    Defendant.

NO.  2:21-cv-0633-RSM

**STIPULATED MOTION TO STAY PENDING ARBITRATION AND ORDER**

## I.    RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 6(b), and Local Civil Rule 40(a), the parties jointly request an order staying all matters and striking all interim deadlines in this case pending arbitration.

## II.    STATEMENT OF FACTS

Plaintiff filed this lawsuit against Defendant Professional Bull Riders, LLC ("Defendant" or "PBR") on May 12, 2021 (ECF No. 1). During her employment, Plaintiff signed an Arbitration Agreement that Defendant alleges requires that her claims be heard in arbitration.

STIPULATED MOTION TO STAY PENDING ARBITRATION AND ORDER - 1

On September 9, 2020, Plaintiff alleges that she filed a charge of discrimination against Defendant with the Nevada Equal Rights Commission ("NERC"). On February 16, 2021, Plaintiff alleges that she received a Notice of Right to Sue from NERC. Plaintiff filed her Complaint on May 12, 2021, Defendant was served on or about September 21, 2021.

On Friday July 9, 2021, the parties initially met and conferred regarding the procedural posture of this matter and this Stipulated Motion. On or about October 12, 2021, Defendant informed Plaintiff that it had agreed to stipulate to a stay of these proceedings. This Stipulated Motion is warranted because a stay pending arbitration in this matter would halt all proceedings, including Defendant's need to file an Answer or other response. As such, a stay of all proceedings is warranted.

### III.  AUTHORITY

Rule 6(b) provides that the Court may, for good cause, extend the time for any act that may or must be done within a specified time. Local Civil Rule 40(a) also provides that the Court may make such orders as might facilitate the prompt, inexpensive, and just disposition of any action. It is well established that the Court possesses the inherent power to control its own docket and calendar.

> [A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

STIPULATED MOTION TO STAY PENDING ARBITRATION AND ORDER - 2

*Mediterranean Enterprises, Inc. v. Ssangyong Corp*. 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Leyva v. Certified Grocers of California*, Ltd., 593 F. 2d 857 (9th Cir. 1979)).

In addition, reliance upon an arbitration agreement to avoid immediate litigation is an equitable defense. *See*, *e.g.*, *Schanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 452, 55 S.Ct. 313, 314-15, 79 L.Ed. 583, 586-87 (1935); *Wren v. Sletten Construction Company*, 654 F.2d 529, 533 (9th Cir. 1981); *Danford v. Albert E. Schwabacher, Jr., et al*, 488 F.2d 454, 456 (9th Cir. 1973).

### IV.     MEMORANDUM OF FACTS & POINTS

The parties respectfully request that the Court exercise its discretion to stay the case and strike all interim deadlines in order for this case to proceed through arbitration. Good cause exists because a stay will provide the parties an opportunity to litigate this case in arbitration in accordance with the arbitration agreement signed by Plaintiff. In addition, a stay of the litigation and all associated deadlines will facilitate inexpensive disposition of the action after an arbitration decision has been made.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

STIPULATED MOTION TO STAY PENDING ARBITRATION AND ORDER - 3

## V.     CONCLUSION

For the aforementioned reasons, the parties respectfully request that this court stay all deadlines in the instant case until the termination of arbitration.

Dated this 12th day of October, 2021.

| | |
|---|---|
| */s/ Daniel Kalish*_____ | */s/* Michael Griffin_____ |
| Dan Kalish., WSBA # 35815 | Michael Griffin |
| **HKM EMPLOYMENT ATTORNEYS LLP** | Jackson Lewis P.C. |
| 600 Stewart Street, Suite 901 | 520 Pike Street, Suite 2300 |
| Seattle, WA 98101 | Seattle, WA 98101 |
| Telephone: 206-838-2504 | Telephone: 206-626-6416 |
| Fax: 206-260-3055 | E-mail: Michael.Griffin@jacksonlewis.com |
| E-mail:mailto: dkalish@hkm.com | *Attorneys for Defendant Professional Bull Riders, LLC* |
| *Attorneys for Plaintiff Tracie Kalkbrenner* | |

**ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED. The Court stays this case and strikes all interim deadlines while this case proceeds through arbitration. The parties are to file a joint status report within 90 days of this Order, and every 90 days thereafter, advising the Court as to the status of the arbitration.

DATED this 19th day of October 2021.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I hereby declare that on October 12, 2021, I caused the foregoing document to be served on the parties listed below in the manner indicated:

| Michael Griffin<br>Jackson Lewis P.C.<br>520 Pike Street, Suite 2300<br>Seattle, WA 98101<br>Telephone: 206-626-6416<br>E-mail: Michael.Griffin@jacksonlewis.com<br>*Attorneys for Defendant Professional Bull Riders, LLC* | ☐ Via U.S. 1st Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>X  Via Email<br>    E-Service through ECF |
|---|---|

I certify under penalty of perjury that the foregoing is true and correct.

*/s/Daniel Kalish*
Daniel Kalish

STIPULATED MOTION TO STAY PENDING ARBITRATION AND ORDER - 6